SHORT (WEBSTER LOOM CO. v.). See Case No. 17,343.

## Case No. 12,810.
### SHORT v. WILKINSON.
[2 Cranch, C. C. 22.] [1]

Circuit Court, District of Columbia. June Term, 1811.

PLEADING AT LAW—DEBT ON FOREIGN JUDGMENT —PLEA.

Nil debet is not a good plea to an action of debt, in the District of Columbia, brought upon a judgment of a state court in Kentucky; but the defendant may, with the leave of the court, withdraw it, and plead nul tiel record, on payment of the costs of the term, and a continuance of the cause until the next term, if the plaintiff should desire it.

Debt on a judgment obtained in a state court in Kentucky. The defendant pleaded nil debet, and payment. When the cause was called for trial, Mr. Jones and Mr. Law, for defendant, moved to be allowed to strike out the plea of nil debet, and to substitute the plea of nul tiel record.

Mr. Key, for plaintiff, objected that it was now too late, and that nul tiel record is an improper plea. If the plaintiff will consent to take his judgment on the plea of nil debet, it is not for the defendant to object that it is an immaterial plea.

Mr. Jones, in reply. The defendant is as much interested in seeing that the pleadings are regular, as the plaintiff; because a judgment in his favor upon an immaterial issue, will not protect him against a subsequent suit on the same cause of action.

BY THE COURT (CRANCH, Chief Judge, absent). The amendment is allowed on paying the costs of the term, and on the plaintiff's being allowed a continuance if he wishes it.

They said it had been decided, on demurrer, during this term, that a judgment of a state court is a domestic judgment, and that nil debet is an improper plea to an action of debt upon such a judgment. So, in Skyren v. Lindo [Case No. 12,931], in Alexandria, where the plaintiff brought an action upon the case on a judgment obtained in Virginia, and the defendant was held to bail on affidavit, the court suffered him to appear without special bail; and decided, on demurrer, that the action should have been debt, and not case. By the constitution of the United States, "full faith and credit shall be given by each state to the public acts, records, and judicial proceedings of every other state" (article 4, § 1), and by the act of congress of 26th May, 1790 [1 Stat. 122], those acts, when authenticated in the manner therein prescribed, shall have the same faith and credit as they would have had in the court whence the record is taken. The exemplification of the record on which this suit is founded, will have the same effect as if this suit had been in a county in Kentucky, and no other authentication will be required here than there. If, then, nil debet

[1] [Reported by Hon. William Cranch, Chief Judge.]

would be an improper plea there, it will be equally so here; and from a parity of reasoning, if nul tiel record would not only be an admissible plea, but the best adapted to try the question, on a suit in Kentucky, it will be so here.