Mr. Justice Wylie
delivered the opinion of the court.
Some days ago Mr. George E. Spencer was brought into court by the marshal of this District, under an attachment which issued from this court against him on the 12th day of *434 July, 1882, in the case of the United States vs. Thomas J. Brady et al. This attachment is addressed to the marshal of this District. It orders him to arrest George E. Spencer immediately and have him before the court for an alleged contempt committed by him in not attending the criminal, court, though thereto summoned. It will be observed that the attachment issued July 12, 1882; that it ordered the marshal of this District to attach Spencer ; and that attached to this writ now is the following, which is, I suppose, to be taken as part of the return :
“ Office of the U. S. Marshal,
"District of Nevada.
I hereby certify that I received the within warrant on the 19th day of October, A. D. 1882, and served the said warrant of arrest on the within named defendant, George E. Spencer, at Austin, in the district of Nevada, on the 19th day of November, A. D. 1883; and delivered the said George E. Spencer into the custody of the United States marshal for the District of Columbia. Dated Washington, D. C., 26th day of November, 1883.
“P. S. Corbett,
“ U. S. Marshal Dist. of Nevada.”
So that, under an attachment addressed to the marshal of this District, the respondent, Spencer, was arrested by the marshal of the district of Nevada. Certainly the arrest of Spencer by the marshal of Nevada was wholly unauthorized ; he had no authority whatever from this court, or from any other source, in the shape of lawful authority to arrest Mr. Spencer. But with or without authority, under this writ the marshal of Nevada made the arrest, and brought Mr. Spencer all the way from Nevada into this District, and here he was turned over to the marshal of the District of Columbia, on the 26th day of November, 1883. The marshal of this District then makes this return :
“ Cepit, November 26th, 1883.
“ Clayton McMichael,
“ U. S. Marshal ”
*435 Having been brought here in this way on a charge of contempt of court, he is now within the jurisdiction of the court. A number of interrogatories touching the alleged contempt, and directed to the defendant, have been framed by the counsel for the Government, and filed by order of the court, and have been answered by the defendant. Before, however, adverting to the character of these interrogatories and answers, I propose to consider some other questions in the case, which it is first necessary to examine.
The trial in which Mr. Spencer was to be a witness began on the 1st day of June, 1882. The opening of the case took several days. After the opening was concluded, the prosecution began the introduction of its evidence, during the course of which the subpoena in this case was issued for Mr. Spencer. That subpoena is in the following form:
“In the Supreme Court of the District of Columbia, the 3rd day of June, 1882.
“ The United States v. “ Thomas J. Brady et al.
“The President of the United States to George E. Spencer, of New York:
“ You are here hereby commanded to appear as a witness for the United States before the criminal term of the court, on the 20th day of June, 1882, at 10 o’clock a. m.
“ Witness: D. K. Cartter,
“ Chief Justice of said Court.
“R. J. Meigs,
“ Clerk.”
This paper is under the seal of the court. It is a subpoena, or what is called a subpoena, though it is not technically so, because a proper subpoena directs the witness to appear before the court under a certain penalty—sub poena. But there is nothing of that sort in this paper. It is an order for him to appear on a certain day, as a witness for the United States, and it is addressed to Spencer alone. It is not a writ di *436 rected to any marshal. The return to that writ is in these words :
“ I hereby certify that on the -10th day of June, in the city of New York, I personally served the within subpoena upon the within named George E. Spencer, by exhibiting to him the original, and at the same time leaving with him a copy thereof.
“June 10, 1882.
“ L. A. Newcome.”
Who L. A. Newcome is or was the court has no knowledge. He was not an officer of the court. He had no authority from the court to serve the subpoena, and for anything that is shown on the return, he was a wholly unauthorized person. The court does not even know, from the face of the paper, that this is the writing of Mr. Newcome. The service was made in New York on the 10th of June, and it notified Spencer to appear on the 20th of June, 1882. There is no penalty attached, no order that he should stay from day to pay, or that he should stay until discharged by the United States attorney or the court. It was a simple • notification to him to appear on a certain day.
We might as well see whether, according to our practice here, that would have been a valid service if made in the District of Columbia. Certainly the court will require as good evidence of service out of the District of Columbia as it would in the District. And it would also certainly require the same form of subpoena out of the District which it requires for its own business within its jurisdiction. What is the practice in this District ? I have before me a subpoena in a criminal case issued out of the circuit court of the District of Columbia at the December Term, 1850, which runs in this way :
“ Criminal Court, December Term, 1850.
“You are hereby commanded to summon Delilah Green-well, that she be and appear before the court here, immediately, as witness for U. S. v. W. Cooper.
*437 “ Issued 2 day of January, 1851.
“By order. John A. Smith, C'lk.
“ To the Marshal of the District of Columbia.”
I hold before me another issued at the December Term, 1856, for a witness, directed tó the marshal of the District of Columbia, and another issued at the December Term, 1857, also directed to the marshal of the District of Columbia.
It is true that this form has varied somewhat in later years, and I find the new form of a subpoena issued in the June Term, 1866, to be in these words:
“The President of the United States to Samuel A. Janney and others:
“You are hereby commanded to attend the said court, immediately, to testify on behalf of the United States, and not depart the court without leave of the court or the district attorney.
“ Witness: D. K. Cartter,
“ Chief Justice of said Court.
“R. J. Meigs, Cl'k.”
That is a subpoena addressed to the parties, somewhat different in form from the others, and with this addition : “And not depart the court without leave of the court or the district attorney.”
Our rule of court, at page 48 of the rules is in these words:
“Rule. 11. The service of all process, mesne and final, shall be by the marshal of the district or his deputy, or by some other person specially appointed by the court for that purpose, and not otherwise. In the latter case the person serving the process shall make affidavit thereof.”
The forms now in use, and which were in use when the present subpoena was issued, I have before me ; there is one form for civil eases, and another form for criminal cases. It appears that in the present case thecbunsel for the Government got hold of a subpoena for civil cases, and it is that form which they issued and served in New York in this in *438 stance. The form used in the criminal business of the court is different, and is in these words :
“ In the Supreme Court of the District of Columbia holding a Criminal Court for said District, the — day of —, 188-.
“The President of the United States to—
“You are hereby commanded to attend the said court immediately, to testify on behalf of the United States, and not depart the court without leave of the court or district attorney.”
The form, as I have already said, in civil cases is different ; it does not contain the words: “ and not depart the court without the leave of the court or district attorney.” On the face then of this subpoena there was no duty enjoined upon the witness, Spencer, except that he should appear at the court on the 20th day of June. He was not required to remain until.he was discharged by the court or the district attorney. A plain man reading such a precept would see that he was required to appear here on one day only, not to appear here during a term of the court and remain, but simply to appear on the particular day mentioned in the subpoena.
Conceding that the service made upon him in New York by Mr. Newcome was an authorized service, he obeyed the writ; and did appear, according to his answers to the interrogatories. He came to Washington on the 14th or 15th day of June, four or five days before he was required to appear, and he stopped at the Arlington Hotel, in a room, as he says, adjoining the room of Mr. Bliss, one of the attorneys for the Government in this case. He says further that he appeared in court from day to day, and that he was not called on the 20th, the day on which he was required to appear ; nor was he called on any subsequent day. He says, in his answer, that he sought interviews with Mr. Bliss, to talk with him about this business, but failed to do so, because, as he says, that gentleman avoided him and failed to meet appointments. He says further, in his answer, that the principal fact which, he understood, he would be called upon to testify to, was that he was a witness to the payment of a considerable sum of money by the defendant Dorsey to the *439 defendant Brady. To this he says under oath, that he never saw any money paid by Dorsey to Brady, and that the report to that effect was without foundation. He says he communicated this fact to Mr. Bliss, through Mr. Chandler, one of the attorneys for the defence, and that he had reason to believe that the communication in fact was made by Mr. Chandler to Mr. Bliss.
Mr. Spencer remained here from the 14th or 15th of June, to the evening of the 1st of July, almost two weeks. At that time the court took a recess from the last day of June until Wednesday, the fifth day of July. On the 1st of July, Saturday, Mr. Spencer, owing, he says, to business of a very urgent character, left the city for his distant home in Nevada. He conceived that he had obeyed the writ, and he went away.
The next thing which we have in regard to Mr. Spencer in this case, is the affidavit of Mr. Bliss, which was filed on the 12th day of July, 1882. It states as follows:
“On this 12th day of July, A. D. 1882, before me, the subscriber, clerk of the Supreme Court of the District of Columbia, personally appeared George Bliss, in the District aforesaid, who, being by me first duly sworn, doth say: That he is one of the special attorneys of the United States engaged in the prosecution of the above entitled cause ; that on the 3rd day of June, 1882, there was issued on behalf of the United States, a subpoena, in due form, directed to a certain George E. Spencer, then in the city of New York, commanding him, said Spencer, to appear before the Criminal Court of said District on the 20th day of June, 1882, as a witness for the said United States in the said cause ; that said subpoena was placed in the hands of a certain L. A. Newcome, an inspector of the Dost Office Department, for service ; that said Newcome has returned the same with a certificate that the said Bewcome had served said subpoena upon the said George E. Spencer, at the city of New York, on the 10th day of June, 1882, by exhibiting to him the original and at the same time leaving with him a copy thereof ; that on or about the 15th day of June, 1882, deponent *440 met the said George E. Spencer at the Arlington Hotel, in the city of Washington and District of Columbia, and in the course of some conversation between them, the said Spencer informed deponent that he had been served with the subpoena, as above stated and set forth. Deponent further says that the said George E. Spencer did not and has not appeared before said court, as m and by said writ he was required to do.”
On that affidavit the attachment was asked, and it wras issued. I think that it ought not to have been issued upon that affidavit, because it is a rule that the affidavit must state that the party was a material witness, which this does not. Tinley vs. Porter, 2 Meeson & Welby, 822; 5 D. P. C., 744; Taylor vs. Williams, 4 M. & P., 59.
To warrant an attachment, it must appear to the satisfaction of the court that the non-attendance ot the witness was the result of a contemptuous disregard of the process of the court, and that he was a material and necessary witness. Chapman vs. Davis, 4 Scott N. R., 319; 1 D. (N. S.), 239; 3 M. & G., 609.
I think that the court, in the hurry of the trial, overlooked that defect in the affidavit. If its attention had been called to it, the attachment would not have gone out. That it inadvertently issued, was an error of the court. But the attachment went, being issued on the same day that the affidavit was dated. It was directed to the marshal of this District.'
Let us see what was done afterwards. It 'should be remembered that this attachment was issued on the 12th day of July. • Why it should have been issued to the marshal of this District it is difficult to understand, because it was well known that Mr. Spencer was not here, and the marshal of this District has no authority under the law to go into any other district to get a witness, his duties being confined to this jurisdiction. It is very probable that the marshal, on receiving this attachment, held it, knowing that the respondent was not here. At any rate, the next action that was taken was the return of the marshal of Nevada, in which *441 he certifies that he returned the within warrant on the 19th day of October, A. D. 1882. The term of court had ended. The trial was over, and nothing was done with that attachment issued on the 12th of July until this action took place.
It appears by the tenor of the interrogatories that the counsel for the Government thought that Spencer was evading the process of the law, and that that was the reason why nothing was done under the attachment.
Mr. Spencer swears that it was not for the purpose of evading process, but because he knew nothing at all that would be of advantage to the Government, and that his busi ness was urgent and required him to be away, and he did not want to be detained, for the second trial. I do not doubt that one of the objects he had in going abroad was to be away from this second trial. What his motives were, I am not to inquire, except so far as I,can judge from the facts in the ease. Rut he does say that if he had been a witness in court in the case, hé could have told nothing of advantage to the prosecution, but that his testimony would have been on the other side. Still it cannot be doubted that he sought to avoid this arrest which was attempted to be made under the attachment, and that he succeeded. He is not arraigned here, however, for contempt of the attachment. The alleged contempt for which he has been brought here is that of disobeying the subpcena of the court, not of evading the service of the attachment, and we must confine ourselves to the case before us.
Now, in order that a witness shall be brought into contempt for disobeying a subpcena, it is necessary that there should have been a valid subpoena, and in addition to that, a valid service of the subpcena. The‘question then is, was this a valid subpcena.
Let us examine sections 876 and 877 of the Revised Statutes. Section 876 is in these words:
“ Subpoenas for witnesses who are required to attend a court of the United States in any district may run into any other district; provided that in civil causes,” &c.
This section is taken from the act of the 2d of March, *442 1793, called the Process Act. The District of Columbia - at that time had no existence. The government was not sitting here. The act of 1793, which is transplanted now into the Revised Statutes, was an act treating of the judicial district of the United States. The process provided for in that act was a process for the circuit and district courts of the United States. The word “ District,” then, did not mean the District of Columbia in that act. It could not, because the District of Columbia did not exist. The whole act treated of the courts of the United States which were established under the judiciary act of 1789, which provided that subpoenas might run from one district into another. What districts ? Why, from one of those judicial districts into another judicial district. If the District of Columbia had existed at that time, it could not have meant the District of Columbia, for the reason that it says, “ may run into any other district.” “ Other district ” refers to the same kind of district as that in which the subpoena is issued. There was nothing in contemplation of the legislature at that time except the judicial districts of the United States. And this is made clear when we refer to the title of the act of 1793, which reads as follows : “ An act in addition to the act entitled an act to establish the judiciary courts of the United States,” and the section to which I refer is in the precise language of the Revised Statutes. I read section 6 :
“ And be it further enacted, that subpoenas for witnesses who are required to attend a court of the United States in any district thereof, may run into any other district.”
Undoubtedly, it could not apply to the District of Columbia, unless there was something else, which we will look into hereafter.
It is said by counsel that the District of Columbia is a district. It is a district, but there are no other Districts of Columbia in the United States, and that is a sufficient answer, 1 think, to that position, because the subpoenas that are to run from one district are to run.into another district. The whole United States is divided into judicial districts. Then, again, there are nine circuits and *443 nine circuit judges. These circuits are composed of certain districts, but the basis of all is the division of the United States into judicial districts. It might as well be said that this refers to process issuing out of a Congressional district as to say,proprio vigore, that this language applies to the District of Columbia. So far, then, I think, the District of Columbia is not included in this language. But the next section is :
“ Witnesses who are required to attend any term of a circuit or district court on the part of the United States shall be subpoenaed to attend to testify generally on their behalf, and not to depart the court without leave thereof or of the district attorney.”
Counsel for the Government say that that section does not apply to this District at all, and therefore the form of subposna prescribed by that section is not a form of subpoena prescribed for the Supreme Court of the District of Columbia, because it merely prescribes the form of subpoena for a circuit or district court. That seems to be so on the face of it. Let us, however, examine further. This section which uses the words “ circuit and district courts ” is confessedly taken from the act of the 6th of February, 1853. It is near the end of the act and is in these words :
“ That witnesses who are required to attend any term of coui’t on the part of the United States shall be subpoenaed to attend to testify generally on their behalf and not depart the court without leave of the court or district attorney, under which it shall be their duty to appear before the grand or petit "jury or both as they shall be required by the court or district attorney.”
The same language is here in the Revised Statutes except that the act of 1853 embraces all courts of the United States and this revised act restricts the operation of the law to the circuit and district courts and excludes this court. The learned gentlemen who were on the revising commission will excuse me for saying that this is not the first instance of the liberties which the revisors took with the law, and which has operated to the embarrassment of this court. I do not *444 know how many more things of the same sort have been discovered which apply to other courts. No doubt, however, the revisors thought that when they changed “ courts of the United States,” to “ circuit and district courts,” they were not changing the meaning of the act, and that the language of the revised act amounted to the same thing, and probably it did. I shall at any rate proceed upon that theory.
Now let us consider, whether, in the first place, this is a circuit or district court of the United States. That it is a court of the United States has often been decided. It was so decided in the Supreme Court of the United States at no later than its last term in the case of Embrey et al., reported in 107 United States. It was established, said the court, under the general powers of Congress to legislate for the District of Columbia in all cases whatsoever.
Now is it a circuit or district court ? By the act of 1789, a witness w;ho resides within a hundred miles of any circuit or district court is subject to subpoena. Judge Cranch, who was the chief judge of the circuit court of this District, had this act under consideration in the case of Voss vs. Luke, 1 Cranch, 331, and in a very careful, and well-considered opinion, held that the subpoena of this court, or the late circuit court, whose power this court inherits, could bring a witness who resided within a hundred miles of the court, although the language of the law applied only to circuit and district courts ; and that if the subpoena was dissolved the court might issue an attachment. After discussing the subject and coming to that conclusion he says :
“The next question is, to what officer shall the attachment be directed? Undoubtedly to the marshal of the district in which the witness lives. It is declared by the Judiciary Act of 1789, section 27, to be his duty to ‘ execute throughout the district all lawful precepts directed to him and issued under the authority of the United States,’ and he is bound by his oath not only to exécute all lawful precepts directed to him, but also to make true returns ; and that without any restriction as to the district from which such precepts are to issue, or to which they are to be returned. If, then, it is *445 lawful for this court to issue a subpoena commanding the marshal of the district of Virginia to summon a witness who lives in that district to attend the court in this, it is a lawful precept to him directed under the authority of the United States, and he is bound to execute and return it. So, if this court has the power of compelling the attendance of such witness by attachment, the writ of attachment is equally a lawful precept to him directed under the authority of the United Slates, and he is equally bound to execute and return it.”
So that in an analogous case, under that section, the late circuit court held that a subpcena for a witness within one hundred miles of that court might be issued under the authority given to the circuit and district courts, and that both the subpcena and attachment must be directed to the marshal of that district. Why T Because, when the circuit court of this District was established, on the 27th of February, 1801, it was clothed by Congress with all the powers and jurisdiction that at that time belonged to the circuit and district courts of the United States ; and it will be found that Chief Justice Marshal and Mr. Justice Story, and I believe all the judges of the earlier court, when they speak of the Circuit Court of the District of Columbia, always call it the Circuit Court of the United States for the District of Columbia. Chief Justice Marshal never failed to so designate it. We are not to be misled by names. The old circuit court was regarded as possessing not only all the powers belonging to a circuit court or district court of the United States, and all the jurisdiction that belonged to either of those courts, but it had some powers which belonged to neither of them.
Now, let us pass from the old circuit court of the District of Columbia to the law which provides for the organization of this court. I read from the Revised Statutes of the District of Columbia:
“Seo. 760. The Supreme Court [that is this court] shall possess the same powers and exercise the same jurisdiction as the circuit courts of the United States.
*446 “ Sec. 761. The justices of the Supreme Court shall severally possess the powers and exercise the jurisdiction possessed and exercised by the judges of circuit courts.
“Sec. 762. Any one of the justices may hold a special term with the same powers and jurisdiction possessed and exercised by the district courts of the United States ”
—and so on. So that all the jurisdiction and all the powers which belong to the circuit courts or district courts of the United States are vested in this court, and this court, unless we are misled by a mere name, is a judicial court established in pursuance of the power of Congress to create inferior courts under the Constitution, as well as that other power which gives to Congress the authority to legislate in all cases over the District of Columbia. Then we have a court that has the same jurisdiction as a circuit court, the same powers as a circuit court, the same jurisdiction as a district court and the same powers as a district court, together -with others.
In the case of the United States vs. Bowen, 100 U. S., 508 the Supreme Court say that for the interpretation of any of these sections of the Revised Statutes, the court is at liberty to look at the old statute, and where it is a question of doubt, the court may be enlightened by comparing the two laws. In regard to this case, section 877, which I will read again, provides that:
“ Subpoenas for witnesses who are required to attend a court of the United States in any district may run into any other district.”
And following that immediately is section 877, which provides that:
“Witnesses who are required to attend any term of a circuit or district courf on the part of the United States, shall be subpoenaed to attend to testify generally on their behalf, and not to depart the court without leave thereof, or of the district attorney.”
Now, that is the light we have on this subject from the old law, which said nothing about circuit courts or district courts, but merely “ courts of the United States.”
Certainly the revisors did not intend to change that law. *447 Undoubtedly they supposed that the change in the phraseology would make no change in the sense, and I do not think it does, because a court that has all the jurisdiction and all the powers of another court, established under the same constitutional provisions, and established by the same legislative power,' must be embraced in the general law.
Then, in addition to that, we have this general provision in section 93 of the Revised Statutes for the District of Columbia :
“ The Constitution and all laws of the United States, which are not locally inapplicable, shall have the same force and eifect within the District as elsewhere within the United States.”
That is an index of the general purpose of Congress in its legislation over this District, and the decision of the Supreme Court in the case of Page vs. Burnstine, 102 U.S., 664 exemplifies this. A general law of the United States, not in terms especially applicable to this District at all, but relating to the competency of certain witnesses, and although in terms we had a law covering nearly the same subject, yet as it changed our law, and indeed improved it, the Supreme Court held that notwithstanding the District was not named, yet it was embraced within the general terms of the law by virtue of this provision which I have just read.
I have come to the conclusion, therefore, that the process of subpoena and the process of execution at the instance of the United States may run from this District into any of the districts of the United States because the court has the same powers and jurisdiction as a circuit court of the United States. Eor the same reason I come to the conclusion that the provision in section 877, that subpoenas issuing from any circuit or district court of the United States shall be in a particular form, is equally applicable to this court, because it is a court having all the powers of a circuit court and all the powers of a district court; and for the further reason that that interpolation by the revisors of the words “ circuit court and district court of the United States,” was in *448 nocently made, without intention to change the law, but merely for the purpose, probably, of euphony.
But if it were held that section 877, which speaks of the circuit and district courts of the United States, is not applicable to this court, then let us see how section 876 can be applicable. If section 877 is not applicable, because it only applies to circuit and district courts, then section 876 is not applicable, for it provides that the process may run from one district to another. That is from one judicial district to another judicial district, as I have endeavored to show ; and if the construction I have given to section 877 is not the true one, then under section 876 there is no power to issue a subpcena to run into New York, and the subpoena in this case was utterly void. But I am not inclined to take that view. Probably from association and other reasons I feel some pride in upholding the authority, power and jurisdiction of this court. They are great enough, greater than belong to any court in the world, of a subordinate kind, probably, and extend over a greater number of subjects than the jurisdiction embraced by any other court. In my opinion, the iutention of Congress has always been that this court shall be in fact both a circuit and a district court of the United States ; that process may issue from this district into any other district, as it might from any one district into any other district, and that the laws regulating the process of a circuit or district court of the United States apply to this court for the same reasons that they apply to circuit and district courts.
Now we come to consider the character of this subpcena on its face. As I have shown, this subpoena is really not a technical subpoena—having no penalty attached to it. How or under what authority it was devised I do not know. This court has never prescribed such a form for either a private or a criminal case. In addition to it being without a penalty, it calls upon the party to appear on one day only. If the positions taken already are correct, how will this subpoena stand under this section 877?
“ Sec. 877. Witness who are required to attend any term of a circuit of district court, on the part of the United *449 States, shall be subpoenaed to attend to testify generally on their behalf, and not to depart without leave thereof, or of the district attorney.”
If this subpoena required the witness to come here on the 20th of the month and not depart the court without leave thereof, or of the district attorney, it would have been such a subpoena as this act required, and Spencer could not have left the court without its leave, except at his peril. This is an important provision of the law for witnesses to know. When process is served upon a plain man and he reads it, he inteprets his duty according to -the language of the process. When the process tells him that he is to come on a certain day, and it does not require him to attend any longer, and he comes on that day, or comes four or five days beforehand and stays ten days afterwards, and then he leaves, he naturally thinks that he has done pretty much all that is required of him by that writ. This witness has said under oath that he was here on the 14th or 15th of June ; that he was in the court every day, but was not called ; that he boarded at the same hotel with one of the prosecuting counsel, with whom he sought interviews repeatedly and had appointmentsj but could not get them kept; that when his business was urgent—and I must take his affidavit as true in regard to that, for he makes his affidavit under the perils of perjury— when he was not required to stay, but had come before the day on which he was required to appear, and stayed and reported to the district attorney until after that day, and the district attorney said nothing, and he went away on urgent business, and is now brought here from Nevada, over two thousand miles, after thirteen months of delay—for disobeying the writ—under those circumstances it seems to me upon looking at the case as a lawyer, that I am bound to say that it is not a case of contempt.
But there is another view of this matter. Statutes are sometimes directory and they are sometimes mandatory, and where they are merely directory the process of a court may still be valid although all of the provisions of the law are, not. strictly followed. But if the",law be manda *450 tory, then, unless the directions are strictly complied with, the proceeding is void. It seems to me that in this case, where there is a new provision brought into the law directing the manner in which so important a process as a subpoena shall be framed, and where the court can see good reasons for the introduction of this new provision, the law must be mandatory, and especially ought it to be mandatory when it brings a witness from a distance ; as this process, therefore, does not comply with the form prescribed by the law,. I must come to the conclusion, aside from any other view which I may take of the matter, that the process is entirely void.
I might leave this case at this point, but I wish to speak of a further objection to this subpoena, namely, in regard to-the person by whom it was served. The marshal is the executive officer of every United States court is its marshal. The marshal has authority to subpoena witnesses. He has all the authority expressly given to him that a sheriff has at common, law ; but as to the process on behalf of the United States, the marshal being an executive officer of the Government, and the Government having no other means of enforcing its process except through the instrumentality of its own officers, the marshal must be the officer to serve' the process. Our rule on the subject recognizes that when it declares that the marshal shall be the only person to serve the process of the court, or some person specially appointed by the court. There may be circumstances under which it would be proper for the court to appoint somebody. But the person to serve the process of the court must either be the marshal or some one previously designated by the court, and authorized to do it. Even if the process in this case had been in the correct form, as it was not, it ought to have been directed— having to be served out of the District—to the marshal for the southern district of New York. It does not appear to have been so sent. No person in the southern district of New York other than the marshal is authorized to so serve it. It is very true that marshals have the power under the law to appoint-both bailiffs and deputies, and the act of a deputy *451 marshal in a matter committed to the marshal, is the mar, shal’s act; but the marshal himself must sign the return. ■
There is an affidavit here, made by Mr. Newcome, which was brought into court, and read on the argument, to the effect that in 1873 he was appointed a deputy marshal for the southern district of New York, and has never resigned or been removed. That does not cure the defect. He can only serve such process as is sent to his principal. He has no right to take process issued from a court in another.district, without the authority of the marshal, who is his master and principal. It must come to him by the mandate of the marshal, and that does not appear to have been done in this case, even if Mr. Newcome was a •deputy marshal.
As to the admission of Spencer that this process was left with him by Newcome, as Newcome reports. Spencer admits that this writ was shown to him, and that a copy of it was left with him by Mr. New’come, and that in obedience to the writ, he carne here and stayed the length of time I have indicated. He admits that Mr. Newcome served him with the writ. He, however, does not admit that the writ was served upon him by the marshal or by any deputy marshal, but only by Mr. Newcome, and his admission is nothing more than that a void writ had been served upon him by a void service.
This court, as I have said, was established in 1801. Part of its laws, and much of its practice were derived from Maryland. Congress, in the Process Act, and other acts, has authorized the courts of the Hnited States to adopt •such forms of proceeding as they found in force in other States, subject to the power of Congress and of the courts themselves to make changes. But those forms of proceeding were such as were in force at that time. I find in Evans’ Practice that the sheriff is the only officer recognized in Maryland as having authority to serve the process of the court. At page 271, it is there said:
“ The next matter wrnrthy of notice in our witness law is, that the particular ‘ kind of process ’ with which the witness *452 is to be served, is not specified. Hence it happens that the proper subpoena has fallen into disuse and been superseded by what is called a summons. This is an order directing the sheriff to summon such and such persons to testify for such a person against or at the suit of such another. It is issued at any time on a verbal or written order from the party or his attorney.”
And in another part of the work, where it treats of sheriffs, the author says that under the Maryland law the sheriff is the only officer authorized to serve process in that State. So that if the marshal of this District has the powers of a sheriff, as he undoubtedly has, in addition to his strict powers as marshal, it belongs to his office, and to his duty to serve process in this District.
It has been argued that in the State of New York they have their own way of serving process. Undoubtedly they have. I believe the lawyers can almost carry on a suit there in their offices. They bring suit and issue subpoenas to witnesses and get anybody to serve the process. It is nowr argued that, as this process was served in New York, if it was good in New York, it ought to be good here. How does that argument apply? The practice in New York are undoubtedly a wide departure from the practice known to common law lawyers. They have lawyers, undoubtedly, but they are lawyers under the Code, and we happily have not been brought to that condition here yet. But this is a process of this court. It must be directed to the officer authorized to serve a process of this court. It must be returned to this court in a way that this court will recognize. It cannot be admitted in a court of the United States that its process shall be served according to the methods which a State legislature may prescribe. The execution of process in behalf of the United States, running from one district to another, cannot be interfered with by the legislatures of States. A subpoena issued from this court, directed to the marshal of the southern district of New York, cannot be served by any private man, because that is the practice there. The practice there is prescribed by their statute. The Supreme *453 Court, in innumerable cases, has decided that it does not belong to the power of any State legislature to prescribe the methods for serving the process of a court of the United States. A court of the United States may adopt by its own rule the methods in the State, but those methods are enforced, not because they are the laws of the State, but because they have been adopted by the court. So that I do not think even if this process was correctly served according to the laws of New York, that it was good according -to the laws which govern the proceedings of this court.
In the case of Martin vs. Hunter’s Lessee, 1 Wheaton, 187, Mr. Justice Story, delivering the opinion of the court, says:
“ No part of the criminal jurisdiction of the United States can consistently with the Constitution be delegated to State tribunals.”
The same principle was decided by the same court in Houston vs. Moore, in 5 Wheaton. In McNutt vs. Bland, 2 Howard, 17, the court says:
“ A State law is altogether inoperative upon officers of the United States in the execution of mandates issued to them.”'
The same rule was laid down in the case of Dromgoole vs. Farmers’ and Mechanics’ Bank, 2 Howard, 243.
Long and uninterrupted practice is good evidence of the meaning of the law. McKeen vs. Delaney, 2 Cranch, 22.
The invariable practice prevailing in this court ever since I have known it, and according to the authority of Evans, is, that the process of subpcena in a criminal case must be served by the marshal of this District, or of the district to which it goes, and must contain the words, “ and not depart the court without leave of the court or of the district attorney.” This is not an unmeaning form, as I have already shown, because it gives notice to the witness, who may be an unlettered man, brought into court on a certain day, that he is not only to stay that day, but he is to stay until he has leave to depart. For these reasons I shall discharge the respondent.